John J. Buckley, Jr. (*pro hac vice*)
Daniel F. Katz (*pro hac vice*)
Edward C. Barnidge (*pro hac vice*)
Patrick H. Kim (*pro hac vice*)
David S. Kurtzer-Ellenbogen
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel:    (202) 434-5000
Fax:   (202) 434-5029

Craig T. Goldblatt (*pro hac vice*)
Isley Markman
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel:    (202) 663-6000
Fax:   (202) 663-6363

*Attorneys for Defendant Intel Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br>                              Debtors. | Chapter 11<br>Case No. 08-13555 (SCC)<br>(Jointly Administered) |
| LEHMAN BROTHERS HOLDINGS INC. and<br>LEHMAN BROTHERS OTC DERIVATIVES INC.,<br>                              Plaintiffs,<br>v.<br>INTEL CORP.,<br>                              Defendant. | **ORAL ARGUMENT REQUESTED**<br><br>Dist. Ct. No. 14-cv-00293 (JGK)<br><br>Adv. Proc. No. 13-01340 (SCC)<br><br>**RELIEF IS SOUGHT FROM A U.S. DISTRICT JUDGE** |

**INTEL CORPORATION'S REPLY IN SUPPORT OF**
**MOTION FOR WITHDRAWAL OF THE REFERENCE**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

I.  THE *ORION* FACTORS UNIFORMLY SUPPORT WITHDRAWAL. ............................2

   A.  LEHMAN'S SOLE REMAINING CLAIM IS NON-CORE. ................................3

   B.  LEHMAN DOES NOT DISPUTE THAT ITS SOLE CLAIM IS A LEGAL ONE. ..........................................................................................................................4

   C.  CONSIDERATIONS OF EFFICIENCY FAVOR LITIGATING IN THIS COURT IN THE FIRST INSTANCE. ....................................................................4

   D.  IT IS LEHMAN, NOT INTEL, THAT HAS ATTEMPTED TO FORUM SHOP. ....................................................................................................................6

   E.  NOTHING IN THIS CASE AFFECTS UNIFORMITY IN THE ADMINISTRATION OF BANKRUPTCY LAW. ..................................................6

II. THE DISPOSITIONS OF MOTIONS TO WITHDRAW THE REFERENCE IN OTHER ADVERSARY PROCEEDINGS DO NOT GOVERN THE OUTCOME HERE. ...............................................................................................................7

CONCLUSION ............................................................................................................................9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Exec. Benefits Ins. Agency v. Arkison*, S. Ct. No. 12-1200 (argued Jan. 14, 2014) ......................... 5

*In re EMS Financial Services, LLC*, 491 B.R. 196 (E.D.N.Y. 2013) ............................................... 4

*In re Enron Power Mktg., Inc.*, No. 01 Civ. 7964, 2003 WL 68036 (S.D.N.Y. Jan. 8, 2003) ......................................................................................................................... 6, 7

*In re Lehman Bros. Holdings Inc.*, 480 B.R. 179 (S.D.N.Y. 2012) .................................................. 8

*In re Lehman Bros. Holdings Inc.*, 502 B.R. 376 (Bankr. S.D.N.Y. 2013) ......................... 3, 5, 6, 7

*In re Orion Pictures Corp.*, 4 F.3d 1095 (1993) ................................................................. 2, 3, 4, 6

*Lehman Bros. Holdings Inc., et al. v. Credit Agricole Corp. & Inv. Bank*, No. 13 Civ. 3373(LTS) (S.D.N.Y. Aug. 8, 2013) ............................................................................. 8

*Lehman Bros. Holdings, Inc. v. Ford Global Treasury, Inc.*, No. 12 Civ. 8201(RA) (S.D.N.Y. Apr. 8, 2013) ............................................................................................ 8

*Mich. State Housing Dev. Auth. v. Lehman Bros. Deriv. Prods. Inc., et al.*, No. 11-CV-3392(JGK) (S.D.N.Y. Sept. 14, 2011) .............................................................................. 7, 8

*Veyance Technologies, Inc. v. Lehman Bros. Special Financing Inc.*, No. 09 Civ. 8851(BSJ), 2009 WL 4496051 (S.D.N.Y. Dec. 3, 2009) ................................................... 3, 4, 8

*Wong, et al. v. HSBC USA, Inc., et al.*, No. 09 CV 6841(LTS) (S.D.N.Y. Oct. 14, 2009) ................................................................................................................................... 4, 8

## OTHER AUTHORITIES

28 U.S.C. § 1334(b) .......................................................................................................................... 3

**INTRODUCTION**

To read Lehman's opposition, one could be forgiven for forgetting that Lehman's sole remaining claim against Intel is for breach of a contract governed by New York law. There are no bankruptcy-law claims, or even any bankruptcy-law issues that must be decided in order to resolve that claim. As the bankruptcy court determined, Lehman's breach-of-contract claim is non-core, and all of the events underlying the alleged breach and damages occurred before the petition for bankruptcy was even filed.

As a result, this is the paradigmatic situation in which the automatic reference to the bankruptcy court should be withdrawn. If this Court were instead to permit this case to go forward in the bankruptcy court, it would force Intel to litigate the same issues of contract interpretation *twice*—first in the bankruptcy court, then again in a *de novo* proceeding before this Court. Such duplicative proceedings would be burdensome to the courts and parties alike and would delay the entry of final judgment for months, if not years.

Lehman offers no valid justification for such a wasteful duplication of cost and effort. In an apparent effort to suggest that it would be more efficient—or, to be more precise, less inefficient than it might otherwise seem—to require this case to proceed in the bankruptcy court, Lehman contends that the bankruptcy court is familiar with "the extraordinarily complex factual and legal context of the Lehman bankruptcy." Dkt. 2 ("Opp."), at 1. That was true enough, at least before Judge Peck retired. But Lehman utterly fails to show how familiarity with the broader context would aid in interpreting the contract at issue here. That is especially true because all of the relevant conduct occurred before LOTC even filed its bankruptcy petition.

In a related vein, Lehman contends that all disputes regarding swap agreements to which it or any affiliate is a party should remain in the bankruptcy court. Opp. at 1. That contention, however, is premised on the suggestion that the contract at issue in this case is just another

run-of-the-mill derivative contract of the type the bankruptcy court has previously considered. In fact, the contract at issue in this case is a share repurchase agreement in which the issuer, Intel, was using the investment banker to buy back its own shares so that it could retire them and return excess cash to its shareholders. For that reason, the parties negotiated a bespoke confirmation that included unique terms on top of the standard ISDA Master Agreement and Credit Support Annex. As far as Intel is aware, the bankruptcy court has never dealt with the determination of contractual loss in the context of a share repurchase where, as here, Lehman totally failed to perform and delivered no shares in exchange for the issuer's prepayment. Even if Judge Peck's retirement were put aside, therefore, there is no prior institutional experience for the bankruptcy court to bring to bear, and this Court is equally well suited to decide the issues presented.

Finally, Lehman argues that this Court should deny Intel's motion to withdraw the reference simply because district judges have denied motions to withdraw in six other cases relating to the Lehman bankruptcy. Opp. at 8-10. But to state the obvious, a motion to withdraw must be evaluated based on the facts of the particular case. And this case is plainly unlike those cited by Lehman: interpretation of the contract here does not require the Court to examine bankruptcy law, and in none of the cases cited by Lehman did the moving party obtain a determination from the bankruptcy court that the sole remaining claim was non-core.

Under the familiar *Orion* factors for evaluating a motion to withdraw the reference, this is not a close case. Applying those factors, this Court should grant the motion.

I. **THE *ORION* FACTORS UNIFORMLY SUPPORT WITHDRAWAL.**

In its opposition, Lehman either ignores or misapplies the factors articulated by the Second Circuit in *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (1993), for determining whether to withdraw the reference: specifically, (1) "whether the claim or proceeding is core or non-core"; (2) "whether it is legal or equitable"; and (3) "considerations of efficiency, prevention

of forum shopping, and uniformity in the administration of bankruptcy law." All of those factors support withdrawal here.[1]

### A.   LEHMAN'S SOLE REMAINING CLAIM IS NON-CORE.

Lehman argued in the bankruptcy court that its state-law contract claim is a core bankruptcy matter, but the bankruptcy court disagreed and held that this claim is "[p]lainly" non-core. *In re Lehman Bros. Holdings Inc.*, 502 B.R. 376, 383 (Bankr. S.D.N.Y. 2013). Contradicting its position in prior cases, Lehman now seeks to diminish the importance of the bankruptcy court's non-core determination by characterizing it as a "mere factor." Opp. at 16 (citation omitted). But the non-core determination is highly significant, as it was based on the bankruptcy court's underlying determinations that there are no bankruptcy-law issues and that all of the relevant conduct occurred pre-petition.

Lehman argues that other courts have regarded the non-core status of claims as unimportant. The cases it cites, however, do not support that proposition. For example, Lehman argues that, in *Veyance Technologies, Inc. v. Lehman Bros. Special Financing Inc.*, No. 09 Civ. 8851(BSJ), 2009 WL 4496051 (S.D.N.Y. Dec. 3, 2009), Judge Jones "bypassed the question of whether the claims were core or non-core." Opp. at 17. But in fact, Judge Jones denied the motion to withdraw the reference largely because "the Bankruptcy Court has not yet determined whether this action is core or non-core" and "the bankruptcy judge should make this determination in the first instance," and noted that remaining *Orion* factors "'will turn' upon the

---

[1] The question before the Court is unrelated to the question whether the bankruptcy court has subject matter jurisdiction. Lehman makes much of the claim that Intel has "conceded" the existence of "related to" jurisdiction under 28 U.S.C. § 1334(b). *See* Opp. at 5, 7. But this dispute falls under "related to" jurisdiction only because the outcome will affect funds available for the estate to distribute; it is not otherwise "related to" the Lehman bankruptcy in any other respect.

core/non-core determination." *Veyance*, 2009 WL 4496051, at *2 (quoting *Orion*, 4 F.3d at 1101).[2]  Given the bankruptcy court's unambiguous determination, Lehman cannot colorably dispute that the first *Orion* factor cuts in favor of withdrawal.

### B. LEHMAN DOES NOT DISPUTE THAT ITS SOLE CLAIM IS A LEGAL ONE.

The next *Orion* factor is "whether [the underlying claim] is legal or equitable." 4 F.3d at 1101.  Lehman entirely ignores this factor and contends that the issue is instead "whether a jury trial is likely."  Opp. at 19.  But that is not the test under the second *Orion* factor; instead, the presence of a legal claim cuts in favor of withdrawal, regardless of whether that claim will ultimately be tried to jury.  For example, in *In re EMS Financial Services, LLC*, 491 B.R. 196 (E.D.N.Y. 2013), the court granted the motion to withdraw the reference, despite the fact that no jury demand was made, "because the underlying nature of the claims is legal, not equitable." *Id.* at 205.  Here too, the second *Orion* factor unambiguously supports withdrawal.

### C. CONSIDERATIONS OF EFFICIENCY FAVOR LITIGATING IN THIS COURT IN THE FIRST INSTANCE.

Forcing Intel to litigate first in the bankruptcy court and then again in this Court will double the time and expense for the parties and waste judicial resources.  It bears reminding that there are no bankruptcy-law claims or issues in this case.  Accordingly, there is no efficiency to be gained from the bankruptcy court's expertise in that area.  And any factual expertise that the

---

[2]  *See also* Dkt. 3-6, at 31 (Transcript, *Wong, et al. v. HSBC USA, Inc., et al.*, No. 09 CV 6841(LTS) (S.D.N.Y. Oct. 14, 2009) (noting the "very strong argument" that certain claims were core, and the view that the core/non-core determination "will necessarily promptly be made by the bankruptcy court").

bankruptcy court might have (or, more accurately, that Judge Chapman might acquire) likewise has no bearing on the issues of contract interpretation presented here.[3]

Lehman instead hangs its hat on Judge Peck's passing statement that "it is most efficient and eminently sensible for all disputes involving swap agreements where Lehman and its affiliates are counterparties to be handled in" the bankruptcy court. *Lehman Bros.*, 502 B.R. at 383. But the question of whether the reference should be withdrawn in this case was not before Judge Peck, and the parties did not brief the issue. Moreover, Judge Peck made that statement in the context of proposing that Intel voluntarily "agree to an adjudication of this adversary proceeding in the Lehman bankruptcy court." *Id.* As Intel has pointed out, that proposal is constitutionally dubious. Dkt. 1, at 8-9 (citing *Exec. Benefits Ins. Agency v. Arkison*, S. Ct. No. 12-1200 (argued Jan. 14, 2014)).

Lehman wildly overreaches when it asserts that all cases involving a swap agreement to which a Lehman affiliate was a party should necessarily be decided in the bankruptcy court. This case does not involve another routine "swap agreement," but a share repurchase agreement with a customized confirmation. It poses a unique question: whether the non-defaulting party made a reasonable and good-faith determination of its contractual loss where, following an event of default, the investment bank delivered no shares at maturity despite having received a prepayment from the issuer. This Court is as well positioned as the bankruptcy court to

---

[3] Lehman argues that Judge Chapman will, over time, "develop extensive expertise in the complex factual and legal issues surrounding the Lehman bankruptcy in general, and Lehman derivative- and swap-related claims in particular." Opp. at 13. That is no doubt true, but it is irrelevant to the disposition of this motion. The facts here are straightforward. Intel prepaid LOTC $1 billion and got nothing in return. While Lehman suggests that the bankruptcy court may "narrow the issues," Opp. at 15 (citation omitted), there is nothing to narrow here; the only question to resolve is whether Intel acted reasonably and in good faith, as a matter of New York contract law, in valuing its contractual loss at $1 billion.

adjudicate that question.  And only this Court has the ultimate constitutional authority to do so.  Withdrawing the reference will therefore promote efficiency by eliminating the substantial burdens of litigating the question twice.

> D. **IT IS LEHMAN, NOT INTEL, THAT HAS ATTEMPTED TO FORUM SHOP.**

Lehman misleadingly quotes Judge Peck as having "a concern about the 'gaming' of bankruptcy jurisdiction that is evident . . . in Intel's motion to dismiss."  Opp. at 23 (ellipses in original).  What Judge Peck actually expressed was "a concern about the 'gaming' of bankruptcy jurisdiction that is evident *both in the allegations of the complaint and* in Intel's motion to dismiss."  *Lehman Bros.*, 502 B.R. at 383 (emphasis added).  Judge Peck was as concerned, if not more so, about *Lehman*'s effort to game the forum by pleading a plainly non-core contract claim as core and by seeking to interject two bankruptcy-law claims where bankruptcy law had no application.  *See id.* at 379 (observing that the bankruptcy claims were "intentional[ly] . . . designed to invoke the jurisdiction" of the bankruptcy court).

As applied to Intel, Judge Peck's comment is difficult to understand.  Judge Peck agreed completely with Intel's motion and granted it in its entirety.  He dismissed improperly pleaded bankruptcy-law counts and clarified that the remaining breach-of-contract claim is non-core.  It was *Lehman* that chose to plead deficient claims and to mischaracterize its contract claim as core in an attempt to lock the parties into final adjudication in bankruptcy court.  The bankruptcy court saw through that effort, and this Court should see through it as well.

> E. **NOTHING IN THIS CASE AFFECTS UNIFORMITY IN THE ADMINISTRATION OF BANKRUPTCY LAW.**

As to the last *Orion* factor, there are no bankruptcy-law issues here.  Lehman cites a case where Judge Baer specifically noted the existence of other adversary proceedings "involving analogous claims and issues."  *In re Enron Power Mktg., Inc.*, No. 01 Civ. 7964, 2003 WL

68036, at *9-*10 (S.D.N.Y. Jan. 8, 2003); *see* Opp. at 16-17. Here, Lehman has failed to identify any "analogous claims and issues" presented in other adversary proceedings.[4] The last *Orion* factor, like the others, therefore points decisively in favor of withdrawal.

## II. THE DISPOSITIONS OF MOTIONS TO WITHDRAW THE REFERENCE IN OTHER ADVERSARY PROCEEDINGS DO NOT GOVERN THE OUTCOME HERE.

Lehman argues that the Court should deny Intel's motion simply because six prior permissive motions to withdraw the reference of other disputes in Lehman bankruptcy court were denied. *See, e.g.*, Opp. at 8-10, 14, 17, 19, 24 (discussing *Veyance*, *Wong*, *MSHDA*, *JPMorgan Chase*, *Ford Global Treasury*, and *Credit Agricole*). But in none of those cases was a motion to withdraw the reference made after a counterparty successfully obtained (1) a ruling from the bankruptcy court that the only claim in the case was a "[p]lainly" non-core contract claim that requires no interpretation of bankruptcy law, and (2) a dismissal by the bankruptcy court of improper bankruptcy-law claims that had been tacked on to make the case seem like a bankruptcy dispute. *See Lehman Bros.*, 502 B.R. at 381-83.[5]

---

[4] In the *MSHDA* case, the Court based its decision in part on the bankruptcy court's familiarity with "how the provisions of the Code implicated here fit into [the] transactions" at issue. *See* Dkt. 3-5, at 62 (Transcript, *Mich. State Housing Dev. Auth. v. Lehman Bros. Deriv. Prods. Inc., et al.*, No. 11-CV-3392(JGK) (S.D.N.Y. Sept. 14, 2011). That is not a concern here, because the Bankruptcy Code has no bearing on this case.

[5] In *Veyance*, Veyance filed an adversary proceeding, then moved to withdraw the reference three days later, without seeking any views at all from the bankruptcy court. In *Wong*, plaintiffs moved to withdraw the reference of their adversary proceeding after Lehman and others moved to dismiss but before any decision was rendered on that motion. In *MSHDA*, MSHDA moved to withdraw the reference without seeking a determination from the bankruptcy court on the core/non-core question. In *JPMorgan Chase*, JPMorgan Chase moved to withdraw the reference before an order was issued on its motion to dismiss (which in any event did not seek a core/non-core ruling). And in both *Ford Global Treasury* and *Credit Agricole*, the defendants filed motions to dismiss in the bankruptcy court and for withdrawal of the reference in the district court on the same day. Copies of the docket sheets in these cases are attached as Exhibits 1-6 to the Declaration of David Kurtzer-Ellenbogen ("Kurtzer Dec.").

Instead, in those cases, Lehman argued that the motions were "entirely premature" because the bankruptcy court either had not yet ruled on a motion to dismiss, Kurtzer Dec. at Ex. 7, at 24 (*Credit Agricole*), or had not yet "determined whether the claims asserted . . . are core or non-core," *id.* at Ex. 8, at 9 (*Veyance*); *see also id.* at Ex. 9, at 12 (*MSHDA*) (arguing that motion to withdraw the reference "should be denied as premature, until the bankruptcy court determines whether this is a core or a non-core proceeding"). In this case, Intel did exactly what Lehman criticized the moving parties in the other cases for *not* doing: it moved to dismiss Lehman's defective bankruptcy-law claims and to obtain a threshold non-core determination. And, of course, Intel prevailed on both issues.

In addition, in those cases, the motions to withdraw the reference were denied without prejudice. *See Veyance*, 2009 WL 4496051, at *2-*3; *In re Lehman Bros. Holdings Inc.*, 480 B.R. 179, 197-98 (S.D.N.Y. 2012) (*JPMorgan Chase*); Dkt. 3-5, at 58 (*MSHDA*); Dkt. 3-6, at 35-36 (*Wong*); Dkt. 3-2, at 2 (Mem. & Order, *Lehman Bros. Holdings, Inc. v. Ford Global Treasury, Inc.*, No. 12 Civ. 8201(RA) (S.D.N.Y. Apr. 8, 2013)); Dkt. 3-7, at 2 (Mem. Order, *Lehman Bros. Holdings Inc., et al. v. Credit Agricole Corp. & Inv. Bank*, No. 13 Civ. 3373(LTS) (S.D.N.Y. Aug. 8, 2013)). The motions were denied because the bankruptcy court had not yet been consulted on the core/non-core question, because significant issues of bankruptcy law existed, or both.[6] All of the denials, however, are clearly distinguishable: this Court has never

---

[6] *See, e.g., JPMChase*, 480 B.R. at 196 (denying motion in view of "complex questions of bankruptcy law"); Dkt. 3-7, at 6 (*Credit Agricole*) (same, in view of "threshold" core questions such as "the effect of Bankruptcy Code provisions on the rights of" the parties); Dkt. 3-5, at 58-59 (*MSHDA*) (stating that "there remains a strong basis for concluding that at the very least, central claims in this proceeding are core"); Dkt. 3-2, at 5-6 (*Ford Global Treasury*) (denying motion "because Plaintiffs' complaint includes three Bankruptcy Code claims," and although the defendant argued that the bankruptcy-law counts were contract claims disguised as bankruptcy-law claims, that analysis "would itself require an application of bankruptcy law").

faced a situation in this bankruptcy in which the moving party, *before moving to withdraw the reference*, successfully obtained a ruling in the bankruptcy court dismissing defective bankruptcy-law claims and determining that the remaining claim was non-core, leaving only a claim for breach of contract under state law.  Whatever the dispositions of those prior motions, therefore, *this* motion to withdraw the reference should be granted.

## CONCLUSION

For the foregoing reasons and those stated in the opening brief, Intel respectfully requests that the Court withdraw the reference.  Per the Court's Individual Practices, Intel requests oral argument on this motion.

Dated: Washington, D.C.  
       February 12, 2014

By: /s/ John J. Buckley, Jr.  
John J. Buckley, Jr. (*pro hac vice*)  
WILLIAMS & CONNOLLY LLP  
725 Twelfth Street NW  
Washington, DC 20005  
Tel:   (202) 434-5000  
Fax:  (202) 434-5029  

*Attorney for Defendant Intel Corporation*