# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3474
mvparlikad@JonesDay.com

March 25, 2014

**BY ECF**

The Honorable John G. Koeltl
United States District Judge
United States District Court
    for the Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Lehman Brothers Holdings Inc. v. Intel Corp.</u>, No. 14-cv-00293 (JGK)

Dear Judge Koeltl:

    We represent the plaintiffs, Lehman Brothers Holdings Inc. and Lehman Brothers OTC Derivatives Inc. ("Lehman"), in this action. Attached is a recently issued decision denying a motion to withdraw the reference in *Lehman Brothers Special Financing, Inc. v. Federal Home Loan Bank of Cincinnati*, No. 13 Civ. 4121 (S.D.N.Y. Mar. 17, 2013) ("*LBSF v. FHLB*"). This is now the seventh decision denying a motion to withdraw the reference in an adversary action related to the Lehman bankruptcy; and no court has granted such a motion.

    The decision in *LBSF v. FHLB* further shows why Intel Corp.'s pending motion before Your Honor to withdraw the reference should also be denied, as it arose in a context that is closely analogous. As in the instant matter, Judge Sullivan denied FHLB's motion to withdraw the reference in an adversary proceeding concerning a derivatives contract to which Lehman was a party. The court ruled that interests of efficiency and uniformity weigh against withdrawing the reference, notwithstanding that the claims at issue in *LBSF v. FHLB* are non-core. *Id.* at 6.

    The court's specific rulings provide further support for denying Intel's motion to withdraw the reference here, for several reasons:

- First, even though the claims in *LBSF v. FHLB* were non-core (as Judge Peck ruled here), the court reasoned that "the core/non-core distinction is not dispositive, whereas considerations of efficiency and consistency may be." *Id.* at 3 (citations omitted). The court then determined that these considerations of efficiency and uniformity outweighed the "core/non-core" factor. *Id.* at 6.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

**JONES DAY**

The Honorable John G. Koeltl
March 25, 2014
Page 2

- Second, the court ruled that efficiency concerns support denying the motion to withdraw, even after Judge Peck's retirement from the Bankruptcy Court, based on the Southern District's "exceptionally strong bankruptcy bench" and the Bankruptcy Court's extensive involvement with disputes arising out of the Lehman bankruptcy, including disputes relating to derivatives contracts. *Id.* at 4. The court also rejected FHLB's argument that it would be inefficient to litigate the dispute before the Bankruptcy Court in the first instance—an argument similar to one made by Intel here. FHLB's fears of inefficiency were "overblown," as "the [B]ankruptcy [C]ourt's proposed findings will greatly enhance the Court's ultimate analysis in this matter." *Id.* at 4. The court further noted that, if FHLB were "truly worried" about this issue, it could have consented to allowing the Bankruptcy Court to decide the claims, as Judge Peck invited Intel to do here. *Id.* at 5.

- Lastly, the court ruled that interests of uniformity weigh against withdrawal of the reference. The court reasoned that "to the extent [the uniformity of bankruptcy administration] factor considers intra-case uniformity, it strongly weighs against withdrawing the reference. The Lehman bankruptcy involves numerous disputes involving derivatives contracts, and uniformity is clearly served by leaving all those disputes in the hands of a single court." *Id.* at 5.

All of this cogent reasoning applies to Intel's pending motion to withdraw the reference as well. Moreover, while in *LBSF v. FHLB*, the court found no evidence of forum shopping by FHLB, here Judge Peck specifically noted his concern about the "gaming" of the bankruptcy system that was reflected in Intel's tactics. *Lehman Bros. Holdings, Inc. v. Intel Corp. (In re Lehman Bros. Holdings Inc.)*, 502 B.R. 376, 373 (Bankr. S.D.N.Y. 2013). And, as shown in Lehman's opposition brief (ECF No. 2), Lehman cannot be deemed to have engaged in any "forum shopping" here because, under the Southern District's standing order of reference, it was *required* to commence this action in the Bankruptcy Court. *See* ECF No. 2 at 24.

For these reasons, and those set forth in Plaintiff's opposition brief, Plaintiffs respectfully request that the Court deny Intel's motion to withdraw the reference.

Respectfully submitted,

/s/ *Mahesh Venkatakrishnan*

Mahesh Venkatakrishnan

Enclosure

cc:   John Buckley, Esq. (by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS HOLDINGS INC., *et al.*, <br><br> Debtors. | No. 13 Civ. 4121 (RJS) <br> <u>ORDER</u> |
| LEHMAN BROTHERS SPECIAL FINANCING INC., <br><br> Plaintiff, <br><br> -v- <br><br> FEDERAL HOME LOAN BANK OF CINCINNATI, <br><br> Defendant. | |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-17-14

<u>RICHARD J. SULLIVAN</u>, District Judge:

    Lehman Brothers Special Financing Inc. ("LBSF") brings this adversary proceeding against Federal Home Loan Bank of Cincinnati ("FHLB"), seeking declaratory judgment and damages. (Decl. of Philip M. Abelson, dated June 13, 2013, Doc. No. 2 ("Abelson Decl."), Ex. A (the "Complaint").) Because LBSF is the subject of an ongoing bankruptcy proceeding, the case was referred to the bankruptcy court, pursuant to the District's standing order of reference for bankruptcy cases. *See In re Standing Order of Reference Re: Title 11*, No. 12 Misc. 32 (LAP)

(S.D.N.Y. Jan. 31, 2012). Now before the Court is FHLB's motion to withdraw the reference. For the reasons set forth below, the motion is denied.

## I. LEGAL STANDARD

Pursuant to section 157(d) of Title 28 of the United States Code, a "district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] . . . for cause shown." 11 U.S.C. § 157(d). Under Second Circuit precedent, district courts should weigh several factors, known as the *Orion* factors, to determine if "cause" exists, including:

> (1) whether the claim is core or non-core [under 28 U.S.C. § 157(b)(2)(B)], (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.

*In re Burger Boys, Inc.*, 94 F.3d 755, 762 (2d Cir. 1996) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)).[1]

The first factor is the "most important" and must be addressed first, because the other factors cannot be evaluated without first knowing whether the case is core or non-core. *Orion*, 4 F.3d at 1101 ("Thus once a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.").

---

[1] Since the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), several district courts have held that the core/non-core factor should be replaced with a "finally-decidable-by-the-bankruptcy-court/not-finally-decidable-by-the-bankruptcy-court" factor. *See, e.g., In re Lehman Bros. Holdings Inc.*, 480 B.R. 179, 188 (S.D.N.Y. 2012) ("Thus, in evaluating a motion to withdraw post-*Stern*, the principal question is no longer whether the claim in question is 'core' or 'non-core' pursuant to the Bankruptcy Code but whether the bankruptcy court has constitutional authority to enter final judgment on the claims at issue."); *In re Lyondell Chem. Co.*, 467 B.R. 712, 719 (S.D.N.Y. 2012) ("Under *Stern*, it is not the core/non-core distinction but Article III that determines the bankruptcy court's adjudicative authority."); *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 467 (S.D.N.Y. 2011) ("[A]fter *Stern*, one can still apply the *Orion* factors but not looking at whether the matter can be classified as 'core' under 28 U.S.C. § 157, but rather at whether, under *Stern*, the Bankruptcy Court has the final power to adjudicate it.").

Nevertheless, the core/non-core distinction is not dispositive, *In re Lehman Bros. Holdings Inc.*, 480 B.R. 179, 195 (S.D.N.Y. 2012) (holding that "the determination of whether claims are core or non-core is not dispositive" in deciding whether to withdraw the reference), whereas considerations of efficiency and consistency may be, *see In re Big Apple Volkswagon, LLC*, No. 12 Civ. 92 (PGG), 2013 WL 1245548, at *5 (S.D.N.Y. Mar. 25, 2013) ("Considerations of judicial economy are decisive here."); *In re Lyondell Chem. Co.*, 467 B.R. 712, 723 (S.D.N.Y. 2012) (holding that "factors other than 'core/non-core' are decisive").

## II. Discussion[2]

The Court addresses each of the *Orion* factors in turn. Because of their similarity, factors two and three are addressed together under the heading of "Efficiency."

### A. Core/Non-Core

Both parties agree that the claims here are non-core and therefore cannot be finally decided by the bankruptcy court. (*See* FHLB Br. at 14; LBSF Opp. at 2.) The Court therefore determines that the claims are non-core and that, pursuant to section 157(c)(1) of Tile 28, the bankruptcy court may only "submit proposed findings of fact and conclusions of law to the district court." *See* 11 U.S.C. § 157(c)(1).

### B. Efficiency

With respect to efficiency, FHLB argues that it intends to quickly make a dispositive motion and that, unless the bankruptcy reference is withdrawn, it will be forced to litigate the motion two times – once before the bankruptcy court for proposed findings of facts and conclusions of law, and once before the district court, which will ultimately resolve the motion.

---

[2] In deciding this motion, the Court has considered FHLB's memorandum in support of its motion (Doc. No. 1 ("FHLB Br.")), LBSF's memorandum in opposition (Doc. No. 12 ("LBSF Opp.")), and FHLB's reply memorandum (Doc. No. 15), as well as the parties' declarations and exhibits.

3

(FHLB Br. at 20–22.)  A similar argument was made in *Lehman Brothers Holdings, Inc. v. Ford Global Treasury, Inc.*, No. 12-8201 (S.D.N.Y. Apr. 8, 2013) (Abrams, J.) (Abelson Decl. Ex. C ("*Ford Global*")), and was rejected.  In that case, as in this one, the adversary proceeding focused on a non-core contract dispute.  Indeed, that case involved the same standard form derivatives contract that is at issue here.  (*See* LBSF Opp. at 10.)  As Judge Abrams explained,

> The bankruptcy court has been overseeing the Lehman bankruptcy for more than four years.  Given the size and complexity of the Lehman bankruptcy, the bankruptcy court's familiarity with the underlying facts of the Lehman bankruptcy, including its derivatives portfolio, as well as its expertise in bankruptcy law, a consideration of efficiency weighs against withdrawing the reference at this time.  This is particularly true given Plaintiffs' representation that scores of disputes involving derivative transactions are currently being mediated by Bankruptcy Court order, and those mediations that fail . . . will end up as adversary proceedings in the bankruptcy court.[3]

(*Ford Global* at 5 (citations and internal quotation marks omitted).)  That same reasoning applies here.

Moreover, FHLB's fears of litigating twice are both overblown and disingenuous.  They are overblown because the second round of litigation will be made much easier by the first.  *See Kirschner v. Agoglia*, 476 B.R. 75, 83 (S.D.N.Y. 2012) ("[E]xperience strongly suggests that having the benefit of the report and recommendation will save the district court and the parties an immense amount of time.").  This district is blessed with an exceptionally strong bankruptcy bench, and the Court has no doubt that the bankruptcy court's proposed findings will greatly enhance the Court's ultimate analysis in this matter.  The fears are disingenuous because the only roadblock to the parties' engaging in one round of litigation is FHLB itself.  LBSF has consented to allowing the bankruptcy court to finally decide this issue, pursuant to section 157(c)(2) of Title

---

[3] The Court notes that LBSF has made representations of its own that the bankruptcy court is handling numerous similar cases. (LBSF Br. at 15–16.)

4

28. (*See* Complaint ¶ 10.) If FHLB were truly worried about multiple rounds of litigation, it could simply consent as well and avoid the need for duplication.[4]

The Court therefore determines that considerations of efficiency weigh against withdrawing the reference.

### C. Uniformity of Bankruptcy Administration

The uniformity-of-bankruptcy-administration prong considers both inter-case and intra-case uniformity. *See In re Lehman Bros. Holdings Inc.*, 480 B.R. at 196. Because the claims here are non-core – and thus do not involve interpretations of bankruptcy law – this factor weighs in neither direction to the extent it considers inter-case uniformity and bankruptcy law precedent. Nevertheless, to the extent this factor considers intra-case uniformity, it strongly weighs against withdrawing the reference. The Lehman bankruptcy involves numerous disputes involving derivatives contracts, and uniformity is clearly served by leaving all those disputes in the hands of a single court. *See In re Lehman Bros. Holdings Inc.*, 480 B.R. at 196–97.

---

[4] FHLB's contention that, under Article III of the Constitution, it might not be able to constitutionally consent to the bankruptcy court's jurisdiction is spurious. FHLB is correct that parties may not consent *into* Article III jurisdiction, but the Supreme Court has held that parties may consent *out of* Article III jurisdiction and into a legislative court's jurisdiction, as long as the relevant statute does not eliminate parties' option of choosing an Article III court. *See CFTC v. Schor*, 478 U.S. 833, 855 (1986) ("Congress gave the CFTC the authority to adjudicate such matters, but the decision to invoke this forum is left entirely to the parties and the power of the federal judiciary to take jurisdiction of these matters is unaffected. In such circumstances, separation of powers concerns are diminished, for it seems self-evident that just as Congress may encourage parties to settle a dispute out of court or resort to arbitration without impermissible incursions on the separation of powers, Congress may make available a quasi-judicial mechanism through which willing parties may, at their option, elect to resolve their differences."). Indeed, 28 U.S.C. § 157(c)(2) explicitly allows parties to consent to final adjudication by the bankruptcy court, and the Court is not aware of – and FHLB has not cited – any authority questioning that provision's constitutionality.

5

### D. Forum Shopping

Here, there is no evidence of forum shopping. The Court therefore determines that this factor weighs in neither direction.

### III. CONCLUSION

The Court determines that two of the decisive factors weigh against withdrawal of the reference and no decisive factor weighs in favor of withdrawal of the reference. Accordingly, IT IS HEREBY ORDERED THAT the motion to withdraw the reference is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 1 and to close the case assigned docket number 13 Civ. 4121.

SO ORDERED.

Dated:   March 17, 2014
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE